UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA HARRIS, as Personal
Representative of the Estate of
GERALD HARRIS,

        Plaintiff,

    v.

R.J. REYNOLDS TOBACCO
COMPANY, et al.,

        Defendants.

Case No. 3:09-cv-13482
JUDGE EDMUND SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Judgment in Accordance with

the Jury's Verdict and Incorporated Memorandum of Law ("Defs.' Mot.") (ECF No. 157),

Plaintiff's Opposition to Defendants' Motion for Judgment in Accordance with the Jury's

Verdict and Incorporated Memorandum of Law ("Pl.'s Resp.") (ECF No. 170), and Defendant's

Reply in Support of Their Motion for Judgment in Accordance with the Jury's Verdict ("Defs.'

Reply") (ECF No. 173). For the reasons that follow, the Court **DENIES** Defendants' motion.

### I.    Background

This *Engle*-progeny action[1] seeking compensatory and punitive damages was brought by

Plaintiff Patricia Harris ("Mrs. Harris") against R.J. Reynolds Tobacco Company, Philip Morris

USA, Inc., and Lorillard Tobacco Company (collectively, "Tobacco"). Compl. 2, ECF No. 5.

Mrs. Harris asserted that her late husband, Gerald Harris ("Mr. Harris"), is a member of the

---

[1] The Court refers to the cases filed pursuant to the Florida Supreme Court's opinion in *Engle v. Liggett Group, Inc.* as "*Engle*-progeny cases." The Court there decertified a statewide class of smokers and their survivors, but allowed members of the decertified class one year in which to file individual lawsuits, referred to as "the *Engle* savings period." 945 So. 2d 1246, 1277 (Fla. 2006). For a detailed history of the *Engle* litigation, *see Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1326-29 (11th Cir. 2010) and *Waggoner v. R.J. Reynolds Tobacco Co.*, 835 F. Supp. 2d 1244 (M.D. Fla. 2011).

*Engle*-class by virtue of his addiction to the nicotine in cigarettes, which Mrs. Harris claimed was a legal cause of Mr. Harris' coronary heart disease ("CHD") and oral cavity cancer ("OCC").[2]  Joint Pretrial Stat. 2, ECF No. 46.  Prior to trial, Tobacco stipulated that Mr. Harris' CHD "manifested" on or before November 21, 1996 – a date that, as discussed more fully below, carries great import in *Engle*-progeny claims.  *See* Joint Pretrial Stat. 51, ECF No. 46; Trial Tr. vol. 12, 179-80, ECF No. 163.

This case was eventually brought to trial by jury before the undersigned on July 22, 2014. Trial Tr. vol. 3. 9, July 22, 2014, ECF No. 159.  In crafting the jury charge and verdict form during trial, the Court was faced with the dilemma of whether or not, given the above-mentioned stipulation, a factual dispute existed as to the class requirement of disease "manifestation."  Trial. Tr. vol. 12, 180, ECF No. 163.  Tobacco's position, conveyed both by counsels' argument at trial and by written submission, was that a factual dispute continued to exist because *Engle*-class membership requires that the class qualifying disease (i.e. the disease that manifests for *Engle* purposes on or before November 21, 1996), be the same disease for which "addiction-causation" is found.  Trial Tr. vol. 12, 179-82, ECF No. 163; Trial Tr. vol. 15, 38, ECF No. 165; Defs.' Object. Court's Draft Jury Inst. Verdict Forms 36, ECF No. 121.  Mrs. Harris took a contrary position on the issue at trial, and her proposed verdict form did not contemplate the manifestation date being at issue in front of the jury.  *See* Trial Tr. vol. 12, 180, ECF No. 163; Joint Pretrial Stat, Ex. K, ECF No. 46.

After discussing the question with counsel at numerous points in the trial, mindful of the Court's duty to accurately instruct the jury on the applicable law, and realizing that such an important and complex legal issue was unlikely to be adequately addressed on the eve of closing

---

[2] On the Court's verdict form, the Court employed the term "oral cavity cancer" in lieu of Tobacco's proposed "supraglottic cancer" and Ms. Harris' proposed "laryngeal cancer."  Joint Pretrial Stat., Exs. K, L, ECF No. 46; Jury Verdict, ECF No. 143.

argument, the Court decided to instruct the jury on its interpretation of what *Engle* requires and preserve the jury's verdict for post-trial determination of the issue. Trial Tr. vol. 15, 38, ECF No. 165. In other words, the jury was permitted to continue to answer the verdict form regardless of whether the disease that fulfilled the timely manifestation requirement was the same as the disease for which addiction-causation was found. Jury Redacted Verdict, ECF No. 143 ("Regardless of how you answered Question 2, please proceed to Question 3."). This approach was not only the most prudent course of action but also one that reflected the Court's belief that the manifestation requirement is one which merely opens the door to class membership. Trial Tr. vol. 12, 182, ECF No. 163. After considering the parties' post-trial briefing on the issue, the Court affirms this interpretation, explains its reasons for the same, and concludes that Tobacco's motion (ECF No. 157) is **DENIED**.

## II.    Analysis

This Court has a duty to instruct the jury and craft its verdict form in a way that accurately reflects the pertinent substantive law. *See, e.g., McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1072 (11th Cir. 1996); *McElroy by McElroy v. Firestone Tire & Rubber Co.*, 894 F.2d 1504, 1509 (11th Cir. 1990). Where the highest court—in this case, the Florida Supreme Court—has spoken on a topic, this Court must follow its rule, turning to intermediate state courts *in the absence of its guidance* unless persuasive evidence exists that the Supreme Court would rule otherwise. *See, e.g., Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1348 (11th Cir. 2011) (emphasis added); *Bravo v. United States*, 577 F.3d 1324, 1326 (11th Cir. 2009)(quoting *King v. Order of United Commercial Travelers of Am.*, 333 U.S. 153, 157–158 (1948)). Accordingly, it is the Florida Supreme Court's holdings in *Engle v. Liggett Grp., Inc* ("*Engle III*") and its progeny that primarily govern this dispute. 945 So. 2d 1246 (Fla. 2006).

3

The holding of a case is comprised both of the result of the case and those portions of the opinion essential to that result. [3] *Pell v. State*, 122 So. 110, 112 (Fla. 1929); *State ex rel. Biscayne Kennel Club v. Board of Business Reg. of Dep't of Business Reg.*, 276 So. 2d 823, 826 (Fla. 1973) (stating that obiter dictum "was not essential to the decision of that court and is without force as precedent"); *United States v. Kaley*, 579 F.3d 1246, 1253 n.10 (11th Cir. 2009) (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 67 (1996)); *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011) *certified question answered*, 107 So. 3d 362 (Fla. 2013). It follows that the holding in *Engle III* regarding the application of the manifestation requirement to class representative Angie Della Vecchia ("Della Vecchia") is binding on this Court. *See* 945 So. 2d at 1276; *see also Hoffman v. Jones*, 280 So. 2d 431, 434 (Fla. 1973) (commenting on the controlling and superior nature of the court's binding precedent).

*Engle III* defined the contours of an *Engle*-progeny action, "allow[ing] members of the decertified class to pick up litigation of the approved six causes of action right where the class left off." *Philip Morris USA, Inc. v. Douglas*, 110 So. 3d 419, 431–32 (Fla*.) cert. denied*, 134 S. Ct. 332 (2013) (citing *Engle III*, 945 So.2d at 1269). *Engle III*'s treatment of the original class representatives has, therefore, unsurprisingly, been commonly referred to as an authoritative source of law in *Engle*-progeny actions. *E.g.*, *Douglas*, 110 So.3d at 429, *citing with approval R.J. Reynolds Tobacco Co. v. Martin*, 53 So.3d 1060, 1069 (Fla. 1st DCA 2010), *rev. denied*, 67 So.3d 1050 (Fla. 2011), cert. denied, —— U.S. ——, 132 S.Ct. 1794 (2012) (applying Phase I jury findings against one of the companies named by class representatives in the original Engle litigation); *R.J. Reynolds Tobacco Co. v. Ciccone*, 123 So. 3d 604, 614 (Fla. 4th DCA 2013) *review granted*, 147 So. 3d 526 (Fla. 2014) ("In reaching this conclusion, we are guided by the

---

[3] Dicta, conversely, is defined as those portions of an opinion that are "not necessary to deciding the case then before [the court]." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 n. 4 (11th Cir. 1997); *Schwab v. Crosby*, 451 F.3d 1308, 1327 (11th Cir. 2006); *Jordan v. Hamlett*, 312 F.2d 121, 124 (5th Cir. 1963).

Supreme Court's treatment of one of the *Engle* class representatives, Angie Della Vecchia.");
*Frazier v. Philip Morris USA Inc.*, 89 So. 3d 937, 945 (Fla. 3d DCA 2012) (defining when an
*Engle* disease manifests for statute of limitation purposes); *Bishop ex rel. Estate of Ramsay v.
R.J. Reynolds Tobacco Co.*, 96 So. 3d 464, 468 (Fla. 5th DCA 2012) (turning to *Engle III*'s
treatment of class representatives in attempting to discern the geographical components of
"manifestation"); *Rey v. Philip Morris, Inc.*, 75 So.3d 378, 381 (Fla. 3d DCA 2011) (interpreting
*Engle III*'s treatment, or lack thereof, of class representatives in reaching its holding on brand-
usage limitation)).  This is particularly true of *Engle III*'s manifestation requirement for class
membership, the substance and form of which stem directly from the language of the Court's
opinion.  *See Engle III*, 945 So.2d at 1275; *Ciccone*, 123 So.3d at 614; *Bishop*, 96 So. 3d at 468;
*Berger v. Philip Morris USA Inc.*, No. 3:09-CV-14157, 2014 WL 4783219, at *5 (M.D. Fla.
Sept. 24, 2014).

      Class representative Della Vecchia's treatment under the manifestation requirement
controls Mrs. Harris' rights and obligations in the instant case because she ultimately stands in
the class representatives' shoes as a progeny plaintiff.  *See Douglas*, 110 So.3d at 432, 436
(stressing that the causes of action and parties in *Engle*-progeny trials are the same as in the
original *Engle* trial) ("Because the claims in *Engle* and the claims in individual actions like this
case are the same causes of action between the same parties, res judicata (not issue preclusion)
applies.").  As did Mr. Harris, Della Vecchia met the manifestation requirement for class
membership with a different disease than the one for which addiction-causation was found.
Della Vecchia's case went to trial as part of Phase II-A, with the jury finding that smoking
cigarettes was a legal cause of Della Vecchia's *lung cancer* and death.  *Engle III*, 945 So.2d at
1254, 1257, 1276 (emphasis added).  In concluding that Della Vecchia's case fulfilled the class

membership requirements despite her lung cancer diagnosis in 1997[4] ( i.e., after the November 21, 1996 date required for *Engle* class membership), the Supreme Court of Florida expressly relied upon Della Vecchia's past medical history of chronic obstructive pulmonary disease ("COPD") and significant hypertension – "two of the diseases at issue in [the] case." *Id* at 1255-56.  The Court's opinion goes on to state:

> As for class representative Della Vecchia, it was noted by her doctors in early 1997 that she had a past medical history of "COPD" and significant hypertension. *Thus*, Della Vecchia's medical records indicate that she had been suffering from a tobacco-related disease prior to the time of certification and is also properly included as a class member. We *therefore* quash the district court's reversal of judgment entered in favor of class representatives Farnan and Della Vecchia and hereby order that the judgments be reinstated.

*Engle III*, 945 So.2d at 1276 (emphasis added).

Della Vecchia was thus "properly included as a class member," *Engle III*, 945 So.2d at 1256, 76, despite a mismatch between the disease that timely manifested (COPD) and the disease for which legal cause was found (lung cancer).  *See id*.  There is little doubt that this mismatch was contemplated and accepted by the Court,[5] which expressly recognized that:

> Because two of the diseases at issue in this case are coronary heart disease and COPD, Della Vecchia's medical records indicate that she had been suffering from a tobacco related disease prior to the time of certification and is therefore properly included as a class member. The jury specifically found that her lung disease was caused by smoking. *Thus*, a majority of the Court concludes that the compensatory judgment in favor of Della Vecchia [] should stand. . .

_____

[4] The District Court of Appeal in *Liggett Grp. Inc. v. Engle* had held that "[s]ince Farnan was diagnosed in April 1996, and Della Vecchia was diagnosed in February 1997, they are clearly excluded from the class and the judgment in their favor must be reversed." *Engle III*, 945 So.3d at 1275 (quoting 853 So. 2d 434, 453 (Fla. 3d DCA 2003) *decision approved in part, quashed in part*, 945 So. 2d 1246 (Fla. 2006).

[5] Tobacco's assertion that *Engle III*'s language in this regard is not controlling because the defendants in *Engle* did not contest Della Vecchia's membership in the class is meritless.  Def.'s Reply 2.  It is clear from Court's reasoning that Della Vecchia's membership in the class was before the Court.  In fact, her timely qualification in the class is an integral part of the Court's holding and description of *Engle*-class membership.  *See Engle III*, 945 So.2d at 1275-76.  The Court's footnote addressing the defendants' failure to object to representatives Farnan and Della Vecchia being members of the class due to the cut-off date is best categorized as dicta.  *See Engle III*, 945 So.2d at 1256 n. 2 ("We also note").

*See Engle III*, 945 So. 2d at 1255-56 (emphasis added).

Ultimately, the Court's treatment of Della Vecchia in *Engle III* is integral to its determinations of law as to her claims and judgment, as well as its formulation of a cut-off date for class membership. *See generally Pell*, 122 So. at 112; *Kaley*, 579 F.3d at 1253 n.10.

Tobacco's attempt to distinguish such treatment is unconvincing. *See* Defs.' Reply 2. Tobacco argues that the Supreme Court of Florida simply "took it as a given" that Della Vecchia's timely manifested diseases were in fact caused by an addiction to smoking. Defs.' Reply 2. For several reasons, this Court finds it doubtful that the Supreme Court of Florida intended to make a *sua sponte*, ex-post determination of addiction-causation as to certain diseases – a decidedly factual question – where the issue was not before the jury and not directly before the Court on appeal. First, and perhaps most importantly, the *Engle III* decision makes no mention of any such determination, instead focusing on Della Vecchia's suffering from COPD in conjunction with the legal cause found as to smoking and her lung cancer. *See* 945 So.2d at 1255-56, 1276. In addition, even if the Court were to interpret the footnote in *Engle III* to be a legal determination that Tobacco had waived certain objections to class membership, *see supra* n. 5, the aside appears to focus on the manifestation requirement, and not addiction-causation, which was at issue in front of the *Engle* jury with respect to lung cancer. Smoking-causation as to COPD and other diseases besides lung cancer was not an issue placed before the jury at Della Vecchia's trial. A summary partial verdict judicially imposed in this regard, made without explanation, would likely infringe on Tobacco's long-championed due process rights. *See generally Philip Morris USA v. Williams*, 549 U.S. 346, 353, 127 S. Ct. 1057, 1063, 166 L. Ed. 2d 940 (2007) ("[T]he Due Process Clause prohibits a State from punishing an individual without first providing that individual with "an opportunity to present every available defense.");

*Honda Motor Co. v. Oberg*, 512 U.S. 415, 430 (1994); *Dep't of Law Enforcement v. Real Prop.*, 588 So. 2d 957, 960 (Fla. 1991) ("Procedural due process under the Florida Constitution. . . contemplates that the defendant shall be given fair notice[ ] and afforded a real opportunity to be heard and defend [ ] in an orderly procedure, before judgment is rendered against him." (quotations and citations omitted)).  Such action would, in the end, fly in the face of the Florida Supreme Court's reliance and insistence on the procedural safeguards against the arbitrary deprivation of property inherent in Tobacco's ability to defend against each plaintiff's prima facie case.[6]  *See Douglas*, 110 So. 3d at 428, 435-36 (discussing *Engle III*'s intention for specific causation to be determined individually while rejecting due process challenges); *see also Engle III*, 945 So. 2d at 1270-71 (approving the *Engle* trial plan while discussing the importance of individualized determinations of issues, such as causation, not commonly shared by class members).

Tobacco also argues that *Douglas* signals the Supreme Court's intention to require, in order to gain class membership status, that timely manifestation of a certain disease match a disease for which addiction-causation is found.  Defs.' Mot. 3-4 (citing *Douglas*, 110 So. 3d at 426 n. 4).  This interpretation, however, misconstrues *Douglas*.

In a sweeping description of the trial court's jury instructions, *Douglas* notes that the trial court "had instructed the jury that it must determine whether Mrs. Douglas was a member of the Engle class of 'cigarette smokers who on or before November 21, 1996, suffered from a disease or medical condition legally caused by an addiction to cigarettes—to smoking cigarettes containing nicotine.' " *Id*. at 426 n. 4. (citing *Philip Morris USA, Inc. v. Douglas*, 83 So. 3d 1002, 1004 (Fla. 2d DCA 2012) *approved in part, disapproved in part*, 110 So. 3d 419 (Fla.

---

[6] This is particularly true given that, despite the general relationship between smoking and diseases such as COPD and lung cancer, Della Vecchia's COPD appears to have preceded the lung cancer for which specific legal cause was found.

2013) *cert. denied*, 134 S. Ct. 332 (2013) (quoting trial court)). Nevertheless, as stated by the decision several lines above the footnote upon which Tobacco relies, "[t]he crux of [the] appeal [was] whether the trial court erred in the application of the findings reached by a jury and affirmed by the Florida Supreme Court in [*Engle III*]." *Douglas*, 110 So. 3d at 425.

At issue before the *Douglas* court was whether "the trial court (and the Second District) misapplied *Engle* by using the Phase I findings to establish the defect and conduct elements of the plaintiff's claims." *Id*. at 422, 425. Viewed in this light, the material footnote serves merely to elaborate upon the trial court's instruction for contextual purposes – not to tacitly endorse a class definition neither at issue and nor on review.[7] *See id*. at 426 (dropping multiple footnotes to further elaborate on specific instructions given at trial); *Douglas*, 83 So. 3d at 1006 (discussing Tobacco's two grounds for appeal, namely the trial court's application of Phase I findings as well as that court's concurring cause instruction). No other aspect of *Douglas* reasonably supports Tobacco's position in this regard. *See* 110 So. 3d at 430 (referring to "(i) membership in the *Engle* class [and] (ii) individual [addiction] causation"—as separate steps). As Mrs. Harris correctly asserts, *see* Pl.'s Resp. 8, the mere mention of the trial court's description of class membership, absent any type of analysis, cannot be said to outweigh *Engle III*'s inclusion of Della Vecchia. *See Engle III*, 945 So.2d at 1276; *contra R.J. Reynolds Tobacco Co. v. Ciccone*, 123 So. 3d 604, 614 (Fla. 4th DCA 2013) *review granted*, 147 So. 3d 526 (Fla. 2014) ("[T]he requirements for class membership are (1) that the plaintiff was a Florida resident, (2) that he or she either suffered or was suffering from a smoking related illness before

---

[7] In fact, because the jury in the *Douglas* trial was only asked five interrogatories — one of which amalgamated class membership into one question — it is unclear on its face whether the trial Court's verbiage in this regard made any difference to the outcome. *See Douglas*, 110 So.3d at 426 ("Specifically, the trial court presented the jury with a verdict form that contained five questions. The first asked whether Mrs. Douglas was a member of the Engle class;[4] the jury found that she was.").

November 21, 1996, and (3) that his or her addiction to nicotine caused *the disease*.") (emphasis added)).

Accordingly, this Court is left only to conclude that *Engle III* determined as matter of law that other smoke-related diseases, substantiated in the record, served to establish timely manifestation for Della Vecchia despite lacking a corresponding finding of "addiction-causation."  And, this Court is thus bound in the case at bar as a matter of precedent to extend the same treatment to Mr. Harris.  *See generally Hoffman v. Jones*, 280 So. 2d 431, 434 (Fla. 1973) (commenting on the controlling and superior nature of the Court's binding precedent).

### III.   Conclusion

For the reasons set forth above, the Court concludes that Mrs. Harris' special verdict is valid as a matter of law.   Accordingly, the Court **DENIES** Defendants' Motion for Judgment in Accordance with the Jury's Verdict and Incorporated Memorandum of Law (ECF No. 157). The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order and the jury's verdict in this case (ECF No. 143).

**IT IS SO ORDERED.**

_12-15-2014_
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**